## Thomas McKeone v. John W. Christman, Appellant.

*Appeals—Discretion of court—Refusal to open judgment.*

There is no abuse of discretion in a refusal to open judgment when it appears from the depositions that the entry of a final judgment in favor of the defendant would be more than doubtful.

Argued Dec. 15, 1897. Appeal, No. 157, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 1049, for want of an affidavit of defense. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to open judgment and let defendant into a defense.

Plaintiff brought suit on a contract in writing to do certain plumbing work according to the rules of the board of health. Statement was filed May 8, 1897. September 23, 1897, judgment was entered for want of an affidavit of defense. On September 29, 1897, rule was taken to open judgment and let defendant into a defense, proceedings to stay. On September 30, 1897, an affidavit of defense was filed. On October 23, 1897, depositions taken in support of the rule were filed. Rule discharged.

*Errors assigned* were in discharging defendant's rule to open judgment.

*W. H. Peace* and *A. E. Stockwell*, for appellant.

*Horace Pettit*, for appellee.

OPINION BY ORLADY, J., February 19, 1898:

A careful examination of the depositions taken in support of the rule to open the judgment, which was entered for want of

an affidavit of defense, shows that the defense to the action was more ingenious than real.

There was ample time within which to place the defense in proper form, and counsel frankly assumes the responsibility for the omission to file an affidavit to prevent judgment, but, unless there is more in the case than is shown in the depositions, the entry of a final judgment in favor of the defendant would be very doubtful.

There was no abuse of discretion in the refusal of the court below to open the judgment, and, under the facts presented, its action was entirely proper.

The judgment is affirmed.